In the Matter of the Estate of OLIVER A. JONES, Deceased.

Surrogate's Court, Chautauqua County, July 17, 1950.

*Adolf F. Johnson* for State Tax Commission, appellant.

*Elmer O. Brinkman* for Donald A. Jones and others, as executors of Oliver A. Jones, deceased, respondents.

Bodine, S. The will of decedent directs the retention of the estate in trust for benefit of the widow with right of invasion. At her decease shares aggregating 90% of the then residue pass to descendants and 10% to three named charitable and religious organizations. The *pro forma* order allowed exemptions of $17,175.39 on account of children and grandchildren, $7,175.39 to the religious and charitable groups and certain insurance items. It is from this determination that the appeal is taken. Respondents have conceded the correctness of disallowing the exemptions to children and grandchildren and also the insurance items. This leaves for consideration the status of the religious and charitable bequests.

The question here presented was squarely met by Surrogate Griffiths in *Matter of Buell* (198 Misc. 358) and his determination is decisive here. If the extent to which the executors as trustees may advance to the widow from the corpus in line with her desires " for her comfortable support and maintenance " can be measured accurately thus making it possible to fix a " presently ascertainable value " on the charitable and religious bequests, then such amount may be deducted from the gross estate.

There should be no particular difficulty in arriving at what that " value " may be. The widow was seventy-six years of age at testator's death and if her financial status is such that no resort to the corpus need be anticipated as alleged in the return the amount of such deduction is reasonably capable of being competently and adequately established.

The burden of establishing the pertinent facts warranting a finding of what deductions are presently allowable is on the executors and a hearing will be afforded for that purpose on August 9th at Dunkirk unless the parties agree on a prior date.

Settle order and proceed accordingly.